**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4053
_____

DAVID STETSER,
Appellant

v.

SHERRY JINKS, Individ. & in her official capacity as a Police Officer in the Gloucester Township Police Department; GLOUCESTER TOWNSHIP; GLOUCESTER TOWNSHIP POLICE DEPARTMENT; W. HARRY EARL, Chief of Police of Gloucester Township Police Department, Individually and in His official capacity as Chief of Police of Gloucester Township Police Department; JOHN DOES 1-10
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1-10-cv-03094)
District Judge: Honorable Renee M. Bumb
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 5, 2014

Before: HARDIMAN, SCIRICA, and ROTH, *Circuit Judges*

(Opinion Filed: July 10, 2014)

_____

OPINION OF THE COURT
_____

SCIRICA, *Circuit Judge*.

Appellant David Stetser filed a complaint against Officer Sherry Jinks for malicious prosecution under 42 U.S.C. § 1983. The District Court granted summary judgment to Officer Jinks, finding as a matter of law she had probable cause to initiate the prosecution, and denied Stetser's motion for reconsideration. Stetser appeals both orders. We will affirm.[1]

## I.

On October 3, 2007, Stetser and his wife, Jacqueline Stetser, divorced. Afterward, Jacqueline Stetser was granted a temporary restraining order against Stetser, which matured into a final restraining order on April 28, 2008. The restraining order prohibited Stetser from having any contact with his ex-wife and from visiting his two children.

On August 21, 2008, Jacqueline Stetser entered the police department in Gloucester Township, New Jersey, and complained to Officer Jinks that her ex-husband violated the restraining order by sending her a text message containing a picture of a woman performing fellatio on a man. Jacqueline Stetser showed Officer Jinks the message on her cell phone and signed a statement that she had received the lewd picture from her ex-husband and that it was sent to her cell phone number from his cell phone number. Stetser does not dispute that the number from which the picture was sent previously belonged to him. Relying on Jacqueline Stetser's statement, Officer Jinks filed a criminal complaint against Stetser on August 21, 2008. At that time, Officer Jinks was well aware of Jacqueline and David Stetser from their previous contacts with the police and complaints they had filed against each other.

---

[1] The District Court had federal question jurisdiction under 28 U.S.C. § 1331. Our jurisdiction is provided by 28 U.S.C. § 1291.

The criminal complaint charged Stetser with violating the restraining order and harassment. Stetser claimed he had changed his cell phone number after the final restraining order went into effect, and that the number from which his ex-wife received the lewd picture no longer belonged to him. At trial, Stetser presented evidence based on cell phone records that he did not send the lewd picture, and the charges were dismissed.

Stetser then filed this § 1983 malicious prosecution claim against Officer Jinks in federal court. As noted, the District Court granted summary judgment in favor of Officer Jinks, finding she had probable cause to initiate the criminal prosecution. This timely appeal followed.[2]

## II.

To prevail on a § 1983 malicious prosecution claim, a plaintiff must show that the "proceeding was initiated without probable cause." *Kossler v. Crisanti*, 564 F.3d 181, 186 (3d Cir. 2009) (en banc) (citation omitted). Probable cause exists when "the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed." *United States v. Cruz*, 910 F.2d 1072, 1076 (3d Cir. 1990) (citing *Dunaway v. New York*, 442 U.S. 200, 208 n.9 (1979)). A court determining whether an officer had probable cause considers an objective officer's beliefs rather than the arresting officer's state of mind. *Devenpeck v. Alford*, 543 U.S. 146, 153 (2004). Although the probable cause

---

[2] We exercise plenary review of an order granting summary judgment. *Kossler v. Crisanti*, 564 F.3d 181, 186 (3d Cir. 2009) (en banc). Drawing all inferences in the light most favorable to the nonmovant, *Curley v. Klem*, 499 F.3d 199, 203 (3d Cir. 2007), we may affirm the entry of summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

inquiry is usually a question for the jury, "where no genuine issue as to any material fact exists and where credibility conflicts are absent, summary judgment may be appropriate." *Sharrar v. Felsing*, 128 F.3d 810, 818 (3d Cir. 1997) (citation omitted), *abrogated on other grounds by Curley*, 499 F.3d at 209-11.

In this case, the District Court found Officer Jinks had probable cause to initiate the prosecution. We agree. Officer Jinks initiated a criminal proceeding against Stetser on the basis of Jacqueline Stetser's statement that she had received a lewd picture from her ex-husband. As noted, Jacqueline Stetser showed the picture to Officer Jinks and signed a statement that the cell phone number from which she received the picture was her ex-husband's number. Based on this evidence, a reasonable officer would be warranted in believing Stetser had violated the restraining order. *See Wilson v. Russo*, 212 F.3d 781, 790 (3d Cir. 2000) (noting "a positive identification by a victim witness, without more, would usually be sufficient to establish probable cause").

Stetser contends his ex-wife was an unreliable witness and Officer Jinks should have conducted further investigation before filing the criminal complaint. Yet an officer is "not required to undertake an exhaustive investigation in order to validate the probable cause that, in [her] mind, already exist[s]." *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 790 n.8 (3d Cir. 2000). Because the facts known to her established probable cause, Officer Jinks was not required to investigate further. Moreover, it would have been implausible to speculate the message could have been sent by someone other than Stetser. As the District Court reasoned, "it would mean that someone, with the *same* number that [Stetser] undisputedly had, randomly sent a lewd photograph to [Stetser's] former wife."

4

*Stetser v. Jinks*, Civil No. 10-3094, 2013 WL 3791613, at *3 (D.N.J. July 19, 2013) (emphasis in original). Accordingly, there was sufficient probable cause to file the complaint.

Nor does the fact that Officer Jinks observed David and Jacqueline Stetsers' previous disputes at the police department render Jacqueline Stetser an unreliable witness. Although we have stated that "[i]ndependent exculpatory evidence or substantial evidence of the witness's own unreliability . . . could outweigh [a victim's] identification" and thus defeat probable cause, each case must be examined on its facts. *Wilson*, 212 F.3d at 790. In this case, Officer Jinks's awareness that Jacqueline Stetser was willing to file criminal complaints does not erode the finding of probable cause.

In sum, we find Officer Jinks had probable cause to initiate the criminal prosecution against Stetser. Officer Jinks is entitled to summary judgment. Although Stetser also appeals the denial of his motion for reconsideration, he advances no arguments independent of his challenge to the order granting summary judgment. Accordingly, on the grounds stated, we find the motion for reconsideration was correctly denied.

### III.

For the foregoing reasons, we will affirm the District Court's orders granting summary judgment and denying the motion for reconsideration.